UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SERGIO MOMOX-CASELIS, individually and as Guardian Ad Litem for Maria Momox-Caselis, and SERGIO MOMOX-CASELIS and KRISTIN WOODS, as Co-Special Administrators of the estate of M.M., <br><br> Plaintiffs <br><br> v. <br><br> MAIRA JUAREZ-PAEZ, et al., <br><br> Defendants | Case No.: 2:16-cv-00054-APG-GWF <br><br> **ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND DENYING MOTION TO RETAX COSTS** <br><br> [ECF Nos. 141, 154] |

After obtaining summary judgment in their favor, the County defendants moved for an award of a portion of the attorney's fees they incurred, under 18 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). ECF No. 141. The plaintiffs opposed that motion and moved to re-tax the costs that were entered against them by the clerk of court. ECF No. 154. The attorney's fees the defendants request are reasonable and recoverable under the relevant rules. The taxable costs awarded against the plaintiffs are likewise reasonable and proper. Therefore I will award those fees and costs.

I.  **ATTORNEY'S FEES**

The standard American rule of fee recovery recognizes that "each party must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award" of fees.[1] Under 42 U.S.C. § 1988(b), a district court may award attorney's fees to the prevailing party in a § 1983 case. But "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in

---

[1] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

exceptional circumstances."[2] A defendant "may recover attorney's fees only if the plaintiff's action was 'frivolous, unreasonable, or without foundation.'"[3] An action becomes frivolous when the result appears obvious or arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at the inception.[4]

The defendants request $22,268.00 as the attorney's fees they incurred for work related to their motion for summary judgment and defending against the plaintiffs' motions for partial summary judgment and to amend. They argue that after the May 20, 2017 deposition of Maria Juarez-Paez, the plaintiffs "knew all they needed to know about the Juarezes' backgrounds, training, licensing, foster home and care of M.M., the circumstances of and preceding M.M.'s death, [the defendants'] supervision of that foster home and dealings with the Juarezes and, as such, Plaintiffs were on notice that they could not establish their claims."[5] Thus, the defendants contend, from that point the claims were unreasonable, frivolous, and without merit. ECF No. 141 at 9-10.

While I cannot say that the plaintiffs' claims were frivolous from the beginning, it should have been clear to the plaintiffs and their counsel by the end of discovery that they could not establish their claims. My order granting summary judgment points out the many legal and factual deficiencies with those claims. *See* ECF No. 137. By the time of summary judgment, the plaintiffs had little if any evidence to support any of their claims. With regard to count one (the § 1983 claim against Clark County), the plaintiffs argued that the propriety of M.M.'s removal

---

[2] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).
[3] *Id.* (citation omitted).
[4] *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).
[5] ECF No. 141 at 9–10.

2

was "hotly disputed," but did not point to evidence in the record to show a dispute of fact, identify applicable law, or explain how their rights were violated. And they tried, unsuccessfully, to amend this claim at the last minute to assert a different constitutional amendment.

For count two, the plaintiffs had some evidence to support their due process claim, but none of it raised a genuine dispute of fact for trial. And, the plaintiffs failed to point to clearly established law that would have put the defendants on notice that their conduct was unlawful, which would have negated the defendants' qualified immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (holding that awarding fees to the defendants was justified because they were entitled to immunity); *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997)), (awarding fees to defendants for claims that were barred by statute).

The plaintiffs had no evidence to support count three, which alleged the defendants failed to properly train foster care workers. *See* ECF No. 137 at 16. Similarly, the plaintiffs had no evidence to support many of their naked allegations in counts four and six that the defendants were negligent and violated their statutory duty of reasonable judgment and care. *Id.* at 16-21.

Winning a summary judgment motion does not, standing alone, justify an award of attorney's fees. But where, as here, the plaintiffs conducted lengthy discovery and still had no evidence or legal arguments to justify their claims, I am compelled to find that by the close of discovery the plaintiffs and their counsel were on notice that their claims were unreasonable, frivolous, and without merit. The facts underlying this lawsuit are tragic. But that does not permit the litigants and their counsel to proceed with baseless claims. An award of attorney's fees is justified in this case.

Turning to the fee request, when determining a reasonable fee award under a fee-shifting statute such as § 1988, I "must first calculate the lodestar by multiplying the number of hours reasonably expended . . . by [the] reasonable hourly rate."[6] The lodestar here is $22,268.00, based upon 117.2 hours worked at a rate of $190 per hour. Based on my years as a practicing attorney in this district, and more recently as a judge reviewing attorney fee requests, the defendants' lawyer's hourly rate of $190 is low for lawyers of her qualifications in this market. And the hours she billed were reasonable for the tasks performed.

I next considered the factors set forth in *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969),[7] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975),[8] and Local Rule 54-14(b). The defendants' lawyer is a skilled professional with significant experience. This case involved difficult legal and emotional issues, including the impact of underlying administrative proceedings and multiple claims and theories against multiple defendants. The briefs addressed those issues and were supported by numerous exhibits. The tasks performed by

---

[6] *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quotation omitted).

[7] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." 455 P.2d at 33 (citation omitted).

[8] Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Carter*, 757 F.3d at 869 (quotation omitted).

4

the defendants' lawyer were appropriate to the demands of the case. And the result confirms her efforts as the defendants' motion for summary judgment was granted. The fees likely would have been lower if the plaintiffs had not named so many unnecessary defendants. And the fees would have been higher had the defendants sought to recover for work performed earlier in the case. The *Brunzell* and *Kerr* factors confirm the lodestar amount. I award the defendants $22,268.00 in attorney's fees.

The plaintiffs contend they should not have to pay fees and costs because that would cause them financial ruin. ECF No. 144 at 6-7. They offer no evidence of their financial status other than counsel's unsupported allegations that they "barely make[] enough to get by" and that their economic struggles are why M.M. was removed from the family home in the first place. *Id.*; *see also* ECF No. 154 at 3. The plaintiffs' counsel is well aware of the need to provide proof of indigency in order to avoid paying fees and costs, as I and other judges have pointed this out to her in prior cases. *See, e.g., Amezcua v Jordan Transport, Inc.*, 2017 WL 1293994 at *3 and n.3. And, the defendants note that the Plaintiffs are likely not indigent because they received $101,000 from co-defendants Maira and Joaquin Juarez-Paez. ECF Nos. 92 at 7, 95, and 100. The plaintiffs have failed to demonstrate that they cannot afford to pay fees and costs, so that is not a valid basis to deny the defendants' fee request.

## II. TAXABLE COSTS

"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* LR 54–1(a) ("Unless the court orders otherwise, the prevailing party is entitled to reasonable costs.").

The clerk of court taxed $7,147.90 in costs against the plaintiffs. ECF Nos. 152, 153. The plaintiffs object to the award of costs for an original and one certified copy of transcripts for

the deposition of Sergio Momox-Arenas. ECF No. 154 at 3. But the defendants did not seek and were not awarded costs for an original and one copy. Rather, they requested and were awarded the cost of only one copy. *See* ECF Nos. 149 at 3. Therefore, the plaintiffs' objection is rejected.

The only other basis for the plaintiffs' motion to re-tax is that they cannot afford to pay. ECF No. 154 at 3. But again, the plaintiffs' counsel has failed to offer any evidence to support this contention. This naked allegation cannot overcome Rule 54(d)'s presumption in favor of awarding costs to prevailing parties. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

I THEREFORE ORDER that the defendants' motion for attorney's fees **(ECF No. 141 is GRANTED**. Defendants County of Clark, Tara Donohue, Lisa Ruizlee, Kim Kallas, Patricia Meyers, Jeremy Law, Shuuandy Alvarez, Lani Aitken, and Oscar Benavides, collectively, are awarded $22,268.00 in attorney's fees against the plaintiffs.

I FURTHER ORDER that the plaintiffs' motion to re-tax costs **(ECF No. 154) is DENIED**. The clerk's Taxation of Costs **(ECF No. 152)** and memorandum **(ECF No. 153) are AFFIRMED**. Costs are taxed in the amount of $7,147.90.

I FURTHER ORDER the clerk of court to enter judgment against the plaintiffs and in favor of defendants County of Clark, Tara Donohue, Lisa Ruizlee, Kim Kallas, Patricia Meyers, Jeremy Law, Shuuandy Alvarez, Lani Aitken, and Oscar Benavides, collectively, in the amounts of $22,268.00 for attorney's fees and $7,147.90 for costs.

DATED this 27th day of September, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE